IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARC BROOKS, | § | CASE NO. 10-31033-LMC-13 |
| DEBTOR(S) | § | |
| | § | Confirmation set: |
| | § | August 11, 2010 |

## OBJECTION TO CONFIRMATION

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

    COMES NOW Credit Acceptance Corporation ("Creditor"), objecting to the confirmation of the Chapter 13 Plan proposed by Marc Brooks ("Debtor(s)"), and for cause of action would respectfully show the Court as follows:

    1.    Creditor has a perfected purchase money security interest in a 2002 Ford Focus, vehicle identification number 1FAFP33P02W292657. As of the date of filing, Creditor was owed $6,278.59.

    2.    Pursuant to the provisions of the Hanging Paragraph found immediately after the provisions of 11 U.S.C. §1325 (a)(9), the claim owed to Creditor is not subject to the cram-down provisions found in 11 U.S.C. §506. Creditor's claim at the time of filing must be paid in full. Additionally, and without waiving any of the foregoing, the contract between Creditor and the Debtor(s) was signed on April 24, 2010. The collateral is a thing of value and the debt was incurred during the one year period preceding the filing of the bankruptcy case. Therefore, pursuant to the provisions of the Hanging Paragraph following 11 U.S.C. §1325(a)(9), the claim owed to Creditor is not subject to cram-down pursuant to 11 U.S.C. §506. Creditor's claim at the time of filing must be paid in full. Any value set forth in the Chapter 13 Plan is irrelevant and should not be binding on the Creditor for any purpose.

    3.    Debtor purchased this vehicle within thirty days of the filing of this case and should be required to pay Creditor the contract rate of interest.

    4.    Creditor is entitled to set and equal monthly payments pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), beginning as of the effective date of the Plan. Plans that provide for "average" payments, "pro-rata" payments, variable payments by the Debtor(s), step payments by the Debtor(s) or payments that begin in any month other than month one are not in compliance with the provisions

of 11 U. S. C. §1325(a)(5)(B)(iii)(I) which requires equal and set monthly payments to Creditor beginning in month one of the Chapter 13 Plan. Month one of the Chapter 13 Plan is defined as the first month that a payment is due to the Chapter 13 Trustee pursuant to 11 U.S.C. §1326 (a)(1).

5.  Debtor signed a contract less than thirty days prior to the filing of this case to pay the debt owed on the vehicle in twenty-seven months. Given the age of the vehicle and the Debtor's contractual commitment, Debtor should be required to pay for the vehicle over no greater than thirty-six months.

6.  Creditor objects to confirmation of the Chapter 13 Plan to the extent that it does not meet the requirements of 11 U.S.C. §1325(a) in any way not specifically set out herein.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance Corporation prays for an Order of this Court:

1.  Denying confirmation of Debtor(s) Chapter 13 Plan as proposed; and

2.  For such other and further relief, both general and specific, to which Creditor may show itself justly entitled.

Respectfully submitted,
     /s/    Stephen G. Wilcox
Stephen G. Wilcox
State Bar No.  21454300
BASSEL & WILCOX, P.L.L.C.
P.O. Box 11509
Fort Worth, Texas  76110-0509
(817) 870-1234  Telephone
(817) 870-1181  Facsimile
swilcox@basselwilcox.com

ATTORNEYS FOR CREDIT
ACCEPTANCE CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Objection to Confirmation was served by FIRST CLASS MAIL, POSTAGE PRE-PAID on:

Marc Brooks
2293 Hannah Leigh Street
El Paso, TX 79938

and ELECTRONICALLY FILED on:

Eric Martinez
Davis Law Firm
4530 Montana

**OBJECTION TO CONFIRMATION - Page 2**

El Paso, TX 79903

Stuart Cox
1760 N. Lee Trevino Drive
El Paso, TX 79936

Dated on June 4, 2010.

                                                  /s/    Stephen G. Wilcox
                                                  Stephen G. Wilcox

8117-00089-253742